FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2003 FEB 13 A 8: 47

SIGN
BY DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISTOPHER DANTIN, individually** | * | **CIVIL CLASS ACTION** |
| **and on behalf of others similarly situated** | * | |
| | * | **NO.  03 − 116 − A − M2** |
| **versus** | * | |
| | * | **SECTION** |
| | * | |
| **THE RAWLINGS COMPANY, LLC** | * | **MAGISTRATE** |

## CLASS ACTION COMPLAINT

Plaintiff, on behalf of himself and all others similarly situated, through counsel, alleges:

## PRELIMINARY STATEMENT

1.      This complaint is filed and these proceedings are instituted under the Fair Debt Collection Practices Act, 15 U.S.C. §  1692 et seq. (hereinafter referred to as "the Act") to recover actual damages, statutory damages, reasonable attorney fees, and costs by reason of the defendant's violation of the Act.

## JURISDICTION

2.      Jurisdiction of this Court is invoked pursuant to 15 U.S.C. §  1692k(d) and 28 U.S.C. 1331 and the supplemental jurisdiction of the court under 28 U.S.C. 1367.

## PARTIES

3.      Plaintiff Christopher Dantin is and, at all material times was, an adult resident of the Parish of East Baton Rouge, State of Louisiana. He is a natural persons obligated or

JP, Summons

allegedly obligated to pay a debt and thus, are consumers within the meaning of 15 U.S.C. § 1692a(3).

4. The defendant is a corporation incorporated under the laws of Kentucky, with its principal place of business in Louisville, Kentucky. The defendant uses instrumentalities of interstate commerce and the mails in its businesses, the principal purpose of which is the collection of debts, and thus it is a debt collector within the meaning of § 803 of the Act, 15 U.S.C. § 1692a(6).

## STATEMENT OF INDIVIDUAL FACTS

5. At all times material hereto, Rawlings had in force and effect a contract, agreement or undertaking pursuant to which it provided certain subrogation recovery and collection services for The Guardian ("Guardian").

6. At all times relevant hereto, Rawlings was a "debt collector" as defined in 15 U.S.C. § 1692a(6) in that it regularly collected or attempted to collect debts owed to other parties and used an instrumentality of interstate commerce and/or the mails in such collection efforts.

7. At all times material hereto, Guardian was the provider of health benefits under a plan in which plaintiff, Christopher Dantin, was a member.

8. On May 10, 2001, Christopher Dantin was involved in an automobile accident in which he suffered injuries.

9. Pursuant to its obligations under the medical benefits plan issued by The Guardian in favor of plaintiff, Guardian paid certain medical expenses incurred by Mr. Dantin as a result of the aforementioned accident.

10. Beginning on or about September 26, 2001, and on behalf of Guardian, Rawlings began to communicate with Mr. Dantin, the attorney who represented Mr. Dantin in connection with his claim for damages in connection with the automobile accident and third parties in connection an alleged "debt," as defined in 15 U.S.C. § 1692a(5), being an obligation to pay arising out of the consumer transaction of purchasing insurance. Rawlings' 9-26-2001 letter is attached hereto as Exhibit "A".

11. In the correspondence identified as Exhibit "A", Rawlings represented to Mr. Dantin's attorney that:

    a. The correspondence was intended to notify plaintiff and his attorney that Rawlings' client, Guardian, held a lien resulting from medical benefits paid on behalf of plaintiff arising from the accident described above, and;

    b. The alleged lien applied to any amount due or that might become payable by settlement or judgment to plaintiff;

    c. That the plaintiff was to refrain from making any settlement of the claim made by plaintiff against any third party without first "notifying [Rawlings] of the potential settlement and reaching an agreement for reimbursement of these benefits."

12. At no time did Rawlings or its client possess a legally recognizable "lien" against any settlement proceeds that may have been paid by the third party to plaintiff.

13. On April 1, 2002, Rawlings' representative Heather S. Gish communicated with Mr. Dantin's attorney by way of correspondence, again asserting that Rawlings' client was the holder of a lien arising out of the payment of medical expenses on behalf of Mr. Dantin. Letter attached hereto as Exhibit "B".

3

14. On November 6, 2002, Rawlings' representative Heather S. Pitts, Subrogation Analyst, send a facsimile letter to Mr. Dantin's attorney, a copy of which is attached hereto as Exhibit "C", advising that Rawlings was refusing a payment tendered to Rawlings by Mr. Dantin's attorney, and, again, characterizing the legal status of the subject debt as being a "lien."

15. On November 13, 2002, Rawlings' representative Heather S. Pitts communicated with Mr. Dantin's attorney by way of correspondence, a copy of which is attached as Exhibit "D," in which Ms. Pitts expressed her understanding of an impending settlement between Mr. Dantin and "the responsible third party," and demanding that arrangements be made to satisfy the alleged debt owed by Mr. Dantin to Rawlings' client before disbursement of settlement proceeds.

16. Also on November 13, 2002, Rawlings' representative Heather S. Pitts communicated with Mr. Dantin's attorney by way of facsimile transmission, a copy of which is attached as Exhibit "E", wherein Ms. Pitts again asserted the existence of a lien in favor of Rawlings' client and demanded resolution of the "lien."

17. On November 20, 2002, Rawlings' representative Heather S. Pitts, Subrogation Analyst, communicated with Mr. Dantin's attorney by way of facsimile communication, a copy of which is attached as Exhibit "F", wherein Ms. Pitts proposed a compromise and settlement between Mr. Dantin and Guardian, again characterizing the legal status of the alleged debt to be a "lien" in favor of Guardian.

18. On information and belief, Rawlings communicated with third parties, including, without limitation, the third party potentially responsible for the injuries suffered by

4

Mr. Dantin in the referenced automobile accident, and the liability insurer of third party, similarly characterizing the legal status of Rawlings' client's claim as being a "lien" and directing the third party to refrain from paying any funds in settlement to Mr. Dantin without first reaching an agreement with Rawlings for payment of the alleged "lien."

## COUNT I
## FDCPA Violations

19. Plaintiff re-alleges each and every fact alleged in paragraphs 1 through 17, as if copied.

20. With respect to each of the communications to Mr. Dantin or his attorney, defendant failed to send a written statement or other communication containing any information regarding validation of the alleged debt to the plaintiff within five (5) days of the initial communication, as required by 15 U.S.C. § 1692g(a), and continued in its failure to provide such notice despite repeated communications with Mr. Dantin or his attorney.

21. The communications described above and attached hereto contain material misrepresentations, which misrepresentations are believed to have been communicated by Rawlings to third parties, to the extent that there existed a lien in favor of defendant's client which attached to the subject settlement proceeds, which misrepresentation is also in violation of 15 U.S.C. § 1692e in the following non-exclusive respects:

a. The communication is a false representation of the character, amount of legal status of the alleged debt as well as the services rendered or compensation which

5

may be received by the defendant for the collection of the debt; 15 U.S.C. § 1692e (2) and

b. The communication is a threat to take action that cannot legally be taken or is not intended to be taken; 15 U.S.C. § 1692e (5) and

c. The communication amounts to a false representation or deceptive means to collect the alleged debt or obtain information concerning the plaintiff; 15 U.S.C. § 1692e (10).

22.    The communications to third parties are in violation of the Fair Debt Collection Practices Act in the following non-exclusive particulars:

a. The communications were made for purposes other than to obtain "location information," as that term is defined in 15 U.S.C. § 1692a(7), in violation of 15 U.S.C. §1692c(b);

b. The communications represent to the third parties that Mr. Dantin is obligated to pay Rawlings' client, in violation of 15 U.S.C. §1692b(2);

c. Rawlings communicated with one or more of such third parties on more than one occasion, in violation of 15 U.S.C. §1692b(3), and;

d. The communications to third parties were made after Rawlings knew that Mr. Dantin was represented by an attorney, in violation of 15 U.S.C. §1692b(6).

## CLASS ACTION ALLEGATIONS

23.    Rawlings engages in recovery of subrogation debts nationwide on behalf of health insurance companies such as Aetna, Health Net, Guardian, Anthem Blue Cross and Blue Shield, and UnitedHealthcare.

24.    Rawlings' subrogation recovery service encompasses over 32 million members

6

insured by its clients.

25. Rawlings has acted as a "debt collector" as that term is defined by 15 U.S.C. 1692a(6) on behalf of all of its clients within the United States, including, without limitation, all of the clients named above.

26. On information and belief, the process by which Rawlings recovers subrogation debts on behalf of its clients involves the utilization of standardized communication practices identical, or substantially similar, to those utilized in connection with the collection of the debt owed by Mr. Dantin.

27. On further information and belief, the process by which Rawlings recovers subrogation debts on behalf of its clients involves the utilization by Rawlings of standardized form letters substantially similar to those sent to Mr. Dantin or his attorney, including Exhibits "A" through "F", attached hereto.

28. In communicating with its clients' insured members regarding debt based on subrogation or assignment of rights, Rawlings uniformly ignored requirements of 15 U.S.C. 1692, *et seq.* in all respects with the result that such communications violated the Fair Debt Collection Practices Act.

29. This action is brought on behalf of a class tentatively defined as: all persons who were insured under an insurance policy issued by a provider of health insurance benefits who received any communication, or whose debt was the subject of any communication to a third party, from Rawlings demanding or seeking to enforce any subrogation, assignment of rights, reimbursement or similar clause contained in the insurance contract by way of correspondence substantially in the form of Exhibits "A" through "F" were sent in attempts to collect debts alleged to be owed

7

to clients with whom Rawlings contracted to perform its subrogation recovery services.

30.     The definition of the class of persons affected by the conduct alleged will likely change as discovery progresses and is capable of revision and refinement, as the need may arise throughout this litigation.

31.     The class period is the one year next preceding the filing of the complaint in this action.

32.     Plaintiff alleges on information and belief that the class is so numerous that joinder of all members is impractical, and, particularly, that the class consists of more than five hundred individuals.

33.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

a.     Whether Rawlings uniformly ignored the requirements of the Fair Debt Collection Practices Act in its communications with the members of the class with the result that such communications violated the statute.

b.     Whether Rawlings communicated with the members of the class for the purpose of recovering or attempting to recover a debt arising out of a subrogation or assignment provision without providing information regarding validation of the alleged debt to the class member within five (5) days of the initial communication, as provided in 15 U.S.C. § 1692g(a) ;

c.     Whether Rawlings sent correspondence to the members of the class which contained a false representation of the character, amount of legal status of the

8

alleged debt;

d.      Whether Rawlings sent correspondence to third parties regarding the debt of the members of the class for any reason other than to obtain "location information," as that term is defined at 15 U.S.C. § 1692a(7);

e.      Whether Rawlings sent correspondence to third parties regarding the debt of the members of the class through which a third party was advised of the existence of the debt;

f.      Whether Rawlings sent correspondence to the members of the class which threatened legal action that could not legally be taken or was not intended to be taken; and

g.      Other common issues of fact and law attendant to the prosecution of a claim for damages under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*

34.      The only individual issue is the identification of the consumers who were contacted by Rawlings, a matter capable of ministerial determination from Defendants records.

35.      Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

36.      Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue their action.

37.      Certification of a class is appropriate in that the Defendant has acted on grounds generally applicable to the class hereby making appropriate relief with respect to

9

the class as a whole.

38.    As a result of these violations, plaintiffs are entitled to recover a statutory penalty of five hundred thousand dollars ($500,000.00), reasonable attorney fees, and costs of this action as provided by 15 U.S.C. § 1692k(a) against the defendants.

**WHEREFORE**, plaintiff prays, on his own behalf and on behalf of a class of persons similarly situated, for judgment against the defendants as follows:

I. Statutory damages of FIVE HUNDRED THOUSAND dollars ($500,000.00) against each of the defendants.

II. Actual damages according to the proof at trial.

III. Reasonable attorney fees and court costs.

IV. Such other and further relief as the Court may deem just.

BY ATTORNEYS:

W. Paul Wilkins (Bar No. 19830)
LEBLANC & WADDELL
5353 Essen Lane, Ste. 420
Baton Rouge, LA 70809
Tel. No. 225-768-7222
Fax No. 225-768-7711

AND

Clayton Davis (Bar No. 4723)
LUNDY & DAVIS, LLP
P.O. Box 3010
Lake Charles, LA 70602
Tel. No. 337-439-0707
Fax No. 337-439-1029

AND

Gary P. Koederitz (Bar No. 07768)
KOEDERITZ LAW FIRM
8706 Jefferson Highway, Ste. B
Baton Rouge, LA 70809
Tel. No. 225-928-9111
Fax No. 225-9267117


The Rawlings Company LLC
Subrogation Division

Post Office Box 740027
Louisville, Kentucky 40201-7427

Telephone (502) 587-1279
Telecopier (502) 587-5558

September 26, 2001

MR. GARY KOEDERITZ
ATTORNEY AT LAW
8706 JEFFERSON HWY
SUITE B
BATON ROUGE, LA  70809

Re:  Our Client:        Guardian
     Member/Patient:    CHRISTOPHER DANTIN/CHRISTOPHER DANTIN
     Date of Loss:      5/10/01
     Our Reference No.: 7099459
     Your Client:       CHRISTOPHER DANTIN
     Your Number:

## NOTICE OF CLAIM/LIEN

Dear MR. KOEDERITZ:

Our client has paid medical benefits on behalf of their member as the result of the accident referenced above.  This letter shall serve as notice to you of the claim/lien our client is claiming for these benefits.

This claim/lien applies to any amount now due or which may hereafter become payable out of recovery or recoveries collected or to be collected, whether by judgment, settlement or compromise from **any party** hereby notified.

No settlement of the claim, which includes medical expenses paid by our client, should be made prior to notifying our office of the potential settlement and reaching an agreement for reimbursement of these benefits.

Please complete the enclosed information form and return it to us as soon as possible.  Thank you for your cooperation.

Sincerely,

SCU Department
(888) 285-4803

SCU16C

S



## REQUEST FOR CLAIM INFORMATION

Insured:              CHRISTOPHER DANTIN
Member/Patient:       CHRISTOPHER DANTIN
Our File No.:         01GEM0900006
**Please Return Form to: Special Claims Unit 1**

I.   Date of Loss: _____

II.  **A. Adverse Persons/Organizations**     **B. Med Pay/No-Fault/UM/UIM**

_____          _____
Adverse Party Name                 Insured Party Name

_____          _____
Insurance Company Name             Insurance Company Name

_____          _____
Insurance Company Address          Insurance Company Address

_____          _____
Insurance Company Phone            Insurance Company Phone

_____          _____
Coverage Amount                    Coverage Type

_____          _____
Claim #/Adjuster Name              Coverage Amount

_____          _____
Defense Attorney Name              Claim #

_____          _____
Defense Attorney Address           Adjuster Name

_____
Defense Attorney Phone

III. A.   Has a lawsuit been filed?     Yes _____     No _____

     B.   This case was settled prior to this inquiry, and the date
          was _____ and the amount was
          $_____.

IV.  If suit has been filed please complete.

     A.   City, County and State of suit: _____

     B.   Case #/Docket #:_____

     C.   Trial/Mediation/Arbitration Date:_____

I hereby represent that I am the attorney for CHRISTOPHER DANTIN.

_____
Attorney

Date: _____

Phone Number: _____

B1

**The Rawlings Company LLC**
Subrogation Division

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427

TELEPHONE (502) 587-1279
TELECOPIER (502) 587-5558

April 01, 2002

MR. GARY KOEDERITZ
ATTORNEY AT LAW
8706 JEFFERSON HWY
SUITE B
BATON ROUGE, LA 70809

*COST TAB*

Re:   Our Client:          Guardian
      Member/Patient:      CHRISTOPHER DANTIN/CHRISTOPHER DANTIN
      Date of Loss:        5/10/01
      Our File No.:        01GEM0900006
      Your Client:         CHRISTOPHER DANTIN
      Your Number:

Dear MR. KOEDERITZ:

    As you know, you were previously placed on notice of the claim/lien our client has asserted for medical expenses paid on behalf of CHRISTOPHER DANTIN. Our client has requested an update on this file. Please take a few minutes to provide the current status of the matter. For your convenience, **you may fax your response to the number listed below.**

    Thank you for your cooperation.

                        Sincerely,

                        *HGish*

                        Heather S. Gish
                        SCU Department
                        502-814-2181
                        FAX:  502-584-8580
                        hsg@rawlingscompany.com

Comments: *SUIT FILED; PROBABLY INSUFFICIENT AUTOMOBILE LIABILITY INSURANCE TO PAY DAMAGE SUSTAINED BY MR. DANTIN*



PLAINTIFF'S EXHIBIT 3

S

The Rawlings Company

Monday, April 01, 2002 11:12 am

Patient's Name: CHRISTOPHER DANTIN

Member's Name: CHRISTOPHER DANTIN

File Number: 01GEM0900006

Make Checks Payable To:
The Rawlings Company LLC
Attn: HEATHER S. GISH
P.O. BOX 740027
LOUISVILLE, KY 40201-7427

Paid Amount Subject to Change.
Please call (502) 814-
for the final paid amount.
Representative: HEATHER S. GISH

| Trmt. Date In | Claim No. | Provider | ICD9 | ICD9 Desc. | CPT | CPT Desc. | Bill Amount | Paid Amount |
|---|---|---|---|---|---|---|---|---|
| 05/10/2001 | 1HP05927901 | ORTHOPAEDIC & SPORTS MEDICINE | 724.2 | LUMBAGO | 99203 | OFFICE/OUTPATIENT VISIT, NEW, MOD | $355.00 | $255.00 |
| 05/10/2001 | 1HP05927900 | ORTHOPAEDIC & SPORTS MEDICINE | 724.2 | LUMBAGO | 99203 | OFFICE/OUTPATIENT VISIT, NEW, MOD | $355.00 | $227.20 |
| TOTALS | | | | | | | $710.00 | $482.20 |

Case 3:03-cv-00116-JVP-CN   Document 1   02/13/03   Page 15 of 24

Please write this number on your check: 01GEM0900006

1

Tax Id Number: 31-1563156

# The Rawlings Company

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427
TELEPHONE (502) 587-1279

# T E L E C O P Y

TO:   MR. GARY KOEDERITZ

FAX NUMBER: 225-926-7117

FROM:     Heather S. Pitts
          Subrogation Analyst

FAX:     (502) 587-5558

DATE:     November 06, 2002

RE:    Member/Patient:   CHRISTOPHER DANTIN/CHRISTOPHER DANTIN
      Our Client:       Guardian
      Our File Number:  01GEM0900006
      Date of Loss:     5/10/01
      Your Client:      CHRISTOPHER DANTIN
      Your Number:

NUMBER OF PAGES:
(INCLUDING THIS ONE)

MESSAGE: I am in receipt of your check in the amount of $482.20, which you note as being the full and final payment of this lien. **The April 1, 2002 letter from the Rawlings Company that you referenced in your cover letter specifically says that the summary is good for settlement purposes for 30 days after the date of the letter.** Unfortunately, additional claims have been paid, and we can NOT accept your check. I am in the process of putting together a final lien itemization and will be in contact with you in order to resolve this matter.

**PLAINTIFF'S EXHIBIT**



**The Rawlings Company** LLC

Subrogation Division

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427

TELEPHONE (502) 587-1279

November 13, 2002

MR. GARY KOEDERITZ
ATTORNEY AT LAW
8706 JEFFERSON HWY
SUITE B
BATON ROUGE, LA   70809

Re: | Our Client: | Guardian
    | Member/Patient: | CHRISTOPHER DANTIN/CHRISTOPHER DANTIN
    | Date of Loss: | 3/21/01
    | Our File No.: | 01GEM0900006
    | Your Client: | CHRISTOPHER DANTIN
    | **Reimbursement Due:** | **$5,626.60**

Dear MR. KOEDERITZ:

Our client has previously made a claim for medical benefits paid on behalf of the above-referenced patient. It is our understanding that a settlement has been reached regarding the claim the patient made against the responsible third party.

Please contact me so that arrangements can be made to satisfy our client's claim before the settlement proceeds are disbursed. I would also like to discuss the check you sent to us in the amount of $482.20, which we have NOT processed for payment.

If you do not respond within 35 days, I will assume you are no longer involved in this matter and will proceed accordingly.

Sincerely,

Heather S. Pitts
Subrogation Analyst
(502) 814-2181
FAX:  (502) 587-5558
hsp@rawlingscompany.com

s

PLAINTIFF'S EXHIBIT
D

# Guardian

## The Rawlings Company

Patient's Name: CHRISTOPHER DANTIN
Member's Name: CHRISTOPHER DANTIN
File Number: 01GEN0900006

Make Checks Payable To:
The Rawlings Company LLC
Attn: Heather S. Pitts
P.O. Box 740027
Louisville, KY 40201-7427

**Wednesday, November 13, 2002 10:04 am**

Paid Amount Subject to Change.
Please call (502) 814-2181
for the final paid amount.
Representative: Heather S. Pitts

| Trmt. Date In | Claim No. | Provider | ICD9 | ICD9 Desc. | CPT | CPT Desc. | Bill Amount | Paid Amount |
|---|---|---|---|---|---|---|---|---|
| 05/10/2001 | 1BF05927901 | ORTHOPAEDIC & SPORTS MEDICINE | 724.2 | LUMBAGO | 99203 | OFFICE/OUTPATIENT VISIT, NEW, MOD | $355.00 | $255.00 |
| 05/22/2001 | 01BF06691700 | RAMPINO | 721.1 | CERV SPONDYL W MYELOPATH | | | $120.00 | $96.00 |
| 05/24/2001 | 01BF07185600 | RAMPINO | 721.1 | CERV SPONDYL W MYELOPATH | | | $230.00 | $184.00 |
| 05/31/2001 | 01BF07185601 | RAMPINO | 721.1 | CERV SPONDYL W MYELOPATH | | | $123.00 | $98.40 |
| 06/04/2001 | 01BF07447500 | RAMPINO | 721.1 | CERV SPONDYL W MYELOPATH | | | $123.00 | $98.40 |
| 06/07/2001 | 01BF07447501 | RAMPINO | 721.1 | CERV SPONDYL W MYELOPATH | | | $150.00 | $120.00 |
| 06/21/2001 | 1BF07916501 | RAMPINO | 721.1 | CERV SPONDYL W MYELOPATH | | | $158.00 | $126.40 |
| 08/17/2001 | 1BF12127700 | BROUSSA | 847.0 | SPRAIN OF NECK | | | $275.00 | $238.00 |
| 08/25/2001 | 01BF10711700 | DRAG CR | 847.0 | SPRAIN OF NECK | | | $1,300.00 | $1,783.20 |
| 09/04/2001 | 1BF12605500 | BROUSSA | 722.4 | CERVICAL DISC DEGEN | | | $73.00 | $53.80 |
| 09/19/2001 | 1BF12933700 | BROUSSA | 722.4 | CERVICAL DISC DEGEN | | | $49.00 | $34.00 |
| 10/29/2001 | 1BF13258500 | ERAL DI | 847.0 | SPRAIN OF NECK | | | $481.00 | $280.80 |
| 04/05/2002 | 2BF06145200 | LACASSI | 723.4 | BRACHIAL NEURITIS NOS | | | $390.00 | $237.50 |
| 04/08/2002 | 2BF06145201 | LACASSI | 723.4 | BRACHIAL NEURITIS NOS | | | $165.00 | $130.50 |
| 04/11/2002 | 2BF06145202 | LACASSI | 723.4 | BRACHIAL NEURITIS NOS | | | $170.00 | $153.00 |
| 04/24/2002 | 2BF06145203 | LACASSI | 723.4 | BRACHIAL NEURITIS NOS | | | $170.00 | $153.00 |
| 05/02/2002 | 2BF06145204 | LACASSI | 723.4 | BRACHIAL NEURITIS NOS | | | $130.00 | $117.00 |
| 05/08/2002 | 2BF07533000 | LACASSI | 723.4 | BRACHIAL NEURITIS NOS | | | $285.00 | $245.50 |
| 06/03/2002 | 2BF07533001 | LACASSI | 724.2 | LUMBAGO | | | $85.00 | $76.50 |
| 06/13/2002 | 2BF08650900 | LACASSI | 724.2 | LUMBAGO | | | $170.00 | $153.00 |
| 06/24/2002 | 2BF08650901 | LACASSI | 724.2 | LUMBAGO | | | $170.00 | $153.00 |
| 07/17/2002 | 2BF09869400 | LACASSI | 724.2 | LUMBAGO | | | $170.00 | $153.00 |

Please write this number on your check: 01GEN0900006

Tax Id Number: 31-1563156

Case 3:03-cv-00116-JVP-CN    Document 1    02/13/03    Page 18 of 24

**Guardian**

**The Rawlings Company**                    Wednesday, November 13, 2002 10:04 am

Patient's Name: CHRISTOPHER DANTIN

Member's Name: CHRISTOPHER DANTIN

File Number: 01GEM0900006

Make Checks Payable To:
The Rawlings Company LLC
Attn: Heather S. Pitts
P.O. Box 740027
Louisville, KY 40201-7427

Paid Amount Subject to Change.
Please call (502) 814-2101
for the final paid amount.
Representative: Heather S. Pitts

| Trmt. Date In | Claim No. | Provider | ICD9 | ICD9 Desc. | CPT | CPT Desc. | Bill Amount | Paid Amount |
|---|---|---|---|---|---|---|---|---|
| 09/16/2002 | 2HP12324000 | LACASSI | 847.2 | SPRAIN LUMBAR REGION | | | $170.00 | $29.00 |
| 09/27/2002 | 2HP12274700 | HEALTH QUEST | 847.2 | SPRAIN LUMBAR REGION | | | $147.00 | $93.7 |
| 09/27/2002 | 2HP12318600 | LOVELL | 847.2 | SPRAIN LUMBAR REGION | | | $67.00 | $20.0 |
| 10/01/2002 | 2HP12274701 | HEALTH QUEST | 847.2 | SPRAIN LUMBAR REGION | | | $134.00 | $111.0 |
| 10/02/2002 | 2HP12274702 | HEALTH QUEST | 847.2 | SPRAIN LUMBAR REGION | | | $157.00 | $121.00 |
| 10/10/2002 | 2HP13135400 | HEALTH QUEST | 847.2 | SPRAIN LUMBAR REGION | | | $283.00 | $232.00 |
| 10/15/2002 | 2HP13142100 | HEALTH QUEST | 847.2 | SPRAIN LUMBAR REGION | | | $85.00 | $71.90 |
| **TOTALS** | | | | | | | **$6,385.00** | **$5,626.60** |

Please write this number on your check: 01GEM0900006

Tax Id Number: 31-1563156

Case 3:03-cv-00116-JVP-CN   Document 1   02/13/03   Page 19 of 24

- Identify Plan provisions, rules and procedures relied upon.

- It will also describe how you may appeal a decision.

- The information, if any, that you must submit to complete the claim for your appeal.

You, your physician, specialist or your designated representative may appeal a claim denial within 180 days after receipt of the denial. The decision on the review will be made within 30 days after the Plan Administrator's receipt of the request.

A named fiduciary or his delegatee and not the person who made the original denial and not a subordinate of that person will make review of your appeal.

**Note:** Where pre-certification or pre-approval of medical care (Utilization Review) is required, shorter response times apply. See the Determination of Utilization Review section in Utilization Review.

## Subrogation

The Plan is entitled to a return of medical expenses paid under this Plan, if the covered individual is compensated for an injury either directly by a second party or through the insurance of the second party.

A lien may be filed for such return of benefits. If so requested, you or your dependent must provide all information for Guardian to administer this responsibility.

Case 3:03-cv-00170-JVP-CN   Document 1   02/13/03   Page 20 of 24

Master Document

(1993)    XVII.1

PART XVII   SUBROGATION - THIRD PARTY RESPONSIBILITY

This part will apply for claims arising from health care expenses and, if applicable, dental expenses:

- for injury, dental injury, or both, sustained by a covered person through the act or omission of a second person; and

- for which benefits are paid under this plan.

The Administrator shall be entitled to a return of such benefits paid under this plan when, and to the extent that, the member or the covered person is compensated for the same injury, dental injury, or both, either directly by the second person or through the second person's insurance.

The Administrator may file a lien for such return of benefits. When so requested, the member and, if applicable, the covered person must complete and provide the Administrator all forms that he may require to implement this part.

# The Rawlings Company

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427
TELEPHONE (502) 587-1279

# T E L E C O P Y

**TO:** MR. GARY KOEDERITZ

**FAX NUMBER:** 225-926-7117

**FROM:**   Heather S. Pitts
           Subrogation Analyst

**FAX:**      (502) 587-5558

**DATE:**      November 13, 2002

**RE:**   Member/Patient:    CHRISTOPHER DANTIN/CHRISTOPHER DANTIN
         Our Client:        Guardian
         Our File Number:   01GEM0900006
         Date of Loss:      3/21/01
         Your Client:       CHRISTOPHER DANTIN

NUMBER OF PAGES:
(INCLUDING THIS ONE)

MESSAGE: I have not received a response to my last fax.  Enclosed
is the final lien amount due on this file.  Please contact me as
soon as possible to discuss resolution.

**IMPORTANT: CONFIDENTIAL**
The information contained in this facsimile is privileged and confidential information intended only for the use of the individual or entity named above.
You are notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication
in error, please notify us immediately by telephone and return the original message to us at the above address. Thank you.


EXHIBIT
E

# The Rawlings Company

POST OFFICE BOX 740027
LOUISVILLE, KENTUCKY 40201-7427
TELEPHONE (502) 587-1279

# T E L E C O P Y

TO:  MR. GARY KOEDERITZ

FAX NUMBER: 225-926-7117

FROM:      Heather S. Pitts
           Subrogation Analyst

FAX:       (502) 587-5558

DATE:      November 20, 2002

RE:   Member/Patient:    CHRISTOPHER DANTIN/CHRISTOPHER DANTIN
      Our Client:        Guardian
      Our File Number:   01GEM0900006
      Date of Loss:      3/21/01
      Your Client:       CHRISTOPHER DANTIN

NUMBER OF PAGES:
(INCLUDING THIS ONE)

MESSAGE: Per our conversation on 11/18/02, I propose that you,
Christopher Dantin and Guardian each take a 1/3 split of the
$10,000 liability settlement.  This means that Guardian would
accept $3,333.33 as FULL & FINAL satisfaction of the lien, and
would make no future claims were you to receive further
compensation from the UIM carrier.  That is a 40% reduction of the
lien amount.  Please discuss this offer with your client and
contact me at the number listed on the letter.



**IMPORTANT: CONFIDENTIAL**
The information contained in this facsimile is privileged and confidential information intended only for the use of the individual or entity named above.
You are notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication
in error, please notify us immediately by telephone and return the original message to us at the above address.  Thank you.



November 20, 2002

MR. GARY KOEDERITZ
ATTORNEY AT LAW
8706 JEFFERSON HWY
SUITE B
BATON ROUGE, LA  70809

Re:  Our Client:          Guardian
     Member/Patient:      CHRISTOPHER DANTIN/CHRISTOPHER DANTIN
     Date of Loss:        3/21/01
     Our File No.:        01GEM0900006
     Your Client:         CHRISTOPHER DANTIN

Dear MR. KOEDERITZ:

     This letter will confirm our offer to settle the above referenced matter. We have proposed that my client's claim shall be settled in return for $3,333.33.  Please make your check payable to **THE RAWLINGS COMPANY and mail to my attention:**

> **The Rawlings Company**
> **ATTN: Heather S. Pitts**
> **File No.: 01GEM0900006**
> **Subrogation Division**
> **P.O. Box 740027**
> **Louisville, KY 40201-7427**

     If the above does not accurately reflect our agreement, please notify me immediately.  Otherwise, I look forward to receiving payment within the next 30 days.  Thank you for your cooperation in this matter.

                    Sincerely,

Heather S. Pitts
Subrogation Analyst
(502) 814-2181
FAX:  (502) 587-5558
hsp@rawlingscompany.com

S